**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeffrey Gordon SPEELMAN,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Jeffrey Gordon Speelman,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Jeffrey Gordon Speelman,**
**Defendant–Appellant.**

**Nos. 06–30136 to 06–30138.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 28, 2008.

Marcia Good Hurd, Esq., Ed Zink, USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Brad L. Arndorfer, Esq., Billings, MT, for Plaintiff–Appellee.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Jeffrey Gordon Speelman appeals from the district court's order upon limited remand pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), concluding that it would not have imposed a materially different sentence had it known that the United States Sentencing Guidelines were advisory. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Speelman's contention that the district court's failure to hold a resentencing hearing to allow him to present additional evi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dence violated his due process rights is foreclosed. *See United States v. Silva,* 472 F.3d 683, 687–88 (9th Cir.2007) (recognizing that, in the context of an *Ameline* remand, due process does not require that a defendant be given the opportunity to present new evidence unless a new sentence is to be imposed).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.